## Ed Cagel v. The State.

### No. 2539.  Decided October 15, 1913.

**Aggravated Assault—Practice in County Court.**

Where the record, on appeal from a conviction of aggravated assault, showed that the court below did not decide appellant's case on the testimony introduced upon the trial, but on the evidence of another case, and the opinion of the jury in that case, the same was reversible error.

Appeal from the County Court of Jefferson. Tried below before the Hon. R. W. Wilson.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*Blain & Howth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for an aggravated assault and battery on Gid Thomas, with a fine of $100 assessed, appellant appealed.

The allegations to make the offense an aggravated assault and battery are, in effect: 1. That a serious bodily injury was inflicted. 2. That a deadly weapon was used.

The State introduced but two witnesses, Harris and Gill, who testified. The appellant none. Appellant contends the evidence does not show an aggravated assault and battery, because it neither shows serious bodily injury, nor that a deadly weapon was used. It is unnecessary for us to pass on this question in view of the fact that we must reverse the case on another ground.

By a proper bill, appellant shows he was prosecuted for committing this offense on said Thomas. That in the same court, in the very next case, said Thomas was prosecuted for the same offense against appellant, all growing out of the same transaction. That appellant waived a jury and tried his case before the court. That in his trial the State offered said Thomas as a witness, but on objection of appellant, showing said Thomas had been convicted of a felony, served a term in the penitentiary, and had not been pardoned, the court would not permit him to testify. That after all the evidence in this case was introduced and the trial closed, appellant called on the court to decide his case. The court declined to do so, stating, among other things, he would reserve his decision until he heard the evidence in said next case against Thomas, at which time he would permit said Thomas to testify in his own behalf. That thereupon said case against Thomas was then tried before a jury, on which trial not only did said witnesses Harris and Gill testify, but several other witnesses also testified as did said Thomas and appellant. That testimony is given in the bill and is very material against appellant. That the jury acquitted Thomas. Thereupon the court asked the jury if they considered appellant guilty, and the jury replied affirmatively. That the court then found appellant guilty.

It is clear that the court did not decide appellant's case on the testimony introduced on his trial, but really on the evidence in the Thomas case, and the opinion of the jury in that case. This is against all law and reason. Persons accused of crime, however guilty, must be tried alone on the evidence introduced on the trial against them and not on

the evidence of the trial of another, or facts learned from some other source. For this error this case will be reversed and remanded.

There is no other question raised which will probably occur on another trial. Reversed and remanded.

*Reversed and remanded.*